UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| BRYAN RANKIN, | : Case No. 2:25-cv-611 |
| Petitioner, | : |
| vs. | : District Judge James L. Graham |
| | : Magistrate Judge Elizabeth P. Deavers |
| KENNETH W. DICK, | : |
| Respondent(s). | : |

## REPORT AND RECOMMENDATION

Petitioner Bryan Rankin, who is proceeding *pro se*, has pending before this Court a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on Petitioner's motion for a preliminary injunction. (Doc. 2). For the following reasons, the Undersigned **RECOMMENDS** the motion be **DENIED**.

Petitioner is challenging his conviction for interference with custody following a jury trial in Adams County, Ohio. (Doc. 1). In his motion for injunctive relief, Petitioner argues he is likely to succeed on the merits of his habeas petition and asks the Court to grant an injunction in order to prevent the State of Ohio from enforcing his sentence and holding him in the Adams County jail. (Doc. 2, at PAGEID # 23). According to Petitioner, an injunction is needed to preserve the "status quo of the petitioner's fatherhood, and career status, and multiple instances of livelihood ," as well as for him to retrieve parts of the record needed for this case. (*Id.*)

Although Petitioner frames his motion as one seeking preliminary injunctive relief, the Court construes his motion as a request for bail pending disposition of his habeas corpus petition. *See Creasy v. Fink*, Case No. 3:22-cv-00035, 2022 WL 989095, at *3 (M.D. Tenn. Mar. 31, 2022)

(noting that "a habeas petitioner's motion for release from prison pending the disposition of his habeas corpus petition, if invoking the standard for obtaining preliminary injunctive relief, may properly be construed as 'a request for enlargement on bail pending resolution of the petition,' to be 'evaluate[d] . . . under the applicable standard for that type of motion rather than the preliminary-injunction standard'") (quoting *Rowell v. Palmer*, No. 3:10-cv-00098-LRH, 2011 WL 3502371, at *1 (D. Nev. Aug. 9, 2011)).

Although a federal court has authority to grant bail to a habeas petitioner pending a decision on the merits of the petition, *Dotson v. Clark*, 900 F.2d 77, 78-79 (6th Cir. 1990), such relief is reserved for the extraordinary case. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute as recognized by*, *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). To be admitted to bail, a petitioner must show a substantial claim of law based on the facts surrounding the petition, as well as the existence of some exceptional circumstance deserving of special treatment in the interest of justice. *Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and commonsense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871. *See also Dotson*, 900 F.2d at 79 (noting there will be "few occasions" where a petitioner will meet this standard).

"Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). However, the presumption fades upon conviction, with the State acquiring a substantial interest in executing its judgment. *Id*. This combination of factors dictates a "formidable barrier" for prisoners seeking interim release while they pursue their collateral remedies. *Id*. Therefore, in the absence of exceptional circumstances, courts will not grant bail prior to final decision on the merits unless the petitioner

demonstrates not merely a clear case on the law, but also a clear and readily evident case on the facts. Even where the Court concludes that a petition raises a substantial question of law, "[m]erely to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn*, 470 F.2d at 98).

This case remains in its early stages, and Respondent has not yet filed an Answer or the state court record. Petitioner's conviction by a jury is presumptively valid. He has not shown that the facts underlying his petition present a substantial claim. Petitioner also fails to demonstrate the existence of exceptional circumstances that warrant special treatment. "The loss of liberties such as employment [and] familial relations . . . are ordinary circumstances incident to incarceration" and do not support bail pending the resolution of a habeas petition. *Aceval v. MacLaren,* No. 2:12-cv-1-897, 2015 WL 540615, *2 (E.D. Mich. Feb. 10, 2015). Accordingly, it is **RECOMMENDED** that Petitioner's motion (Doc. 2) be **DENIED**.


July 21, 2025                                              *s/ Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           United States Magistrate Judge


## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

3

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).